# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. 4:10CR19 |
| v. | § | |
| | § | |
| ROBERT PATRICK MONTFORT | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 8, 2010 to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Terri Hagan.

On October 24, 2007, the Defendant was sentenced by the Honorable David Folsom, United States District Judge, to an adjusted sentence of 24 months imprisonment followed by a 3-year term of supervised release for the offense of passing counterfeited and altered U.S. Currency. Defendant began his term of supervision on September 4, 2009.

On May 18, 2010, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 2). The petition asserts that Defendant violated the following

1

conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance, Defendant shall submit to one drug test with 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (4) Defendant shall not be a member of any street gang, participate in an gang-related activities, or associate with any gang members during the term of supervision, Defendant shall comply with any curfew established by the probation officer, who may utilize electronic monitoring to verify the Defendant's compliance with the curfew scheduled, as instructed by the probation officer, Defendant may be required to maintain a telephone at the Defendant's place of residence without call forwarding, caller ID, call waiting, portable cordless telephones, answering machines/service, or any other feature or service which would interfere with the operation of the electronic monitoring equipment, may be required to wear an electronic monitoring device, which may include Global Positioning System and/or Random Tracking, and follow electronic monitoring procedures specified by the probation officer. Additionally, the probation officer may restrict the Defendant from certain areas within the community, Defendant must comply with these restrictions, and Defendant shall assist in the costs of home confinement, based on the ability to pay, at the direction of the probation officer; (5) Defendant shall successfully participate in an approved program for substance abused, which may

include drug/alcohol testing, counseling and inpatient treatment, and share the costs, based on the ability to pay, Defendant shall abstain from the use of alcohol during said treatment.

The petition alleges that Defendant committed the following violations: (1) on December 15, 2009, the Defendant submitted a urine specimen which tested positive for methamphetamine, Defendant admitted verbally and in writing to Senior U.S. Probation Officer Linda Werner that he used said substance; (2) on February 23, 2010, and February 24, 2010, the Defendant submitted urine specimens which positive for marijuana and methamphetamine, Defendant admitted to said drug to Sr. U.S. Probation Officer Linda Werner and treatment provider, C.J. McCary at McCary Counseling, Denton, TX; (3) Defendant failed to report to the U.S. Probation Office on April 22, 2010, as directed; (4) on April 22, 2010, the Defendant removed the electronic device transmitted and unplugged the equipment without the permission of the U.S. Probation Office; (5) Defendant failed to attend substance abuse treatment at McCary Counseling, Denton, TX, on December 22, 2009, January 6, February 9, February 19, and April 16, 2010; (6) Defendant failed to submit to drug testing as directed at McCary Counseling on January 13, February 9, February 17, February 19, April 16, and April 21, 2010; (7) Defendant was issued a citation from Dallas Police Department, Dallas, Texas, for public intoxication on October 16, 2009, the criminal charges were dismissed; however, the defendant admitted verbally to Senior U.S. Probation Officer Linda Werner that he had consumed alcohol on said date; (8) during a home visit on April 11, 2010, the defendant admitted to Senior U.S. Probation Officer Linda Werner and U.S. Probation Officer Teri Garza that he drank alcohol on April 10, 2010.

At the hearing, Defendant entered a plea of true to the alleged violations of conditions of his supervised release. The Court finds that Defendant has violated the terms of his supervised release. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the June 29, 2010 hearing, the Court recommends that the Defendant be committed to of the Bureau of Prisons to be imprisoned for a term of 18 months, no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in Bureau of Prisons facility located in Fort Worth, Texas, if appropriate.

**SIGNED this 12th day of July, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE